In re Marjorie R. YASHAR, Magistrate Judge for the Rhode Island Traffic Tribunal.

No. 05–271–M.P.

Supreme Court of Rhode Island.

Oct. 5, 2005.

John F. Dolan, James S. D'Ambra, Providence.

**O R D E R**

This matter came before the Court in conference on the petition of the Commission on Judicial Tenure & Discipline (the commission) and Marjorie R. Yashar (the respondent), a Magistrate Judge for the Rhode Island Traffic Tribunal, filed pursuant to Rule 20 of the commission's rules, seeking a waiver of a public hearing on five (5) charges brought against the respondent alleging violations of the Code of Judicial Conduct and/or the provisions of G.L. of 1956 (1997 Reenactment) § 8–16–4(b) and requesting the imposition of a recommended sanction. The commission initially commenced these proceedings against the respondent on April 1, 2005 when, following a preliminary investigation, that tribunal served upon her a notice, captioned "Notice of Investigation, Nature of Charges and Public Hearing," charging that on various dates in 2004, she either failed to appear to perform her duties as Magistrate Judge or she arrived late for, or departed early from, such duties. Thereafter, on September 26, 2005, the commission amended its notice to include four (4) additional charges arising generally out of respondent's failure to follow the Chief Judge's directives regarding the payment of fines in lieu of the requirement of a court appearance, her *ex parte* conversation with the father of a litigant without notice to the prosecution, her misconduct at the Providence police station following her arrest, and her alleged misbehavior on June 22, 2005 following an automobile accident in which she was purportedly involved. A hearing on all charges was scheduled for November 7, 2005. On September 28, 2005, however, respondent filed an answer to the amended notice wherein she acknowledged her guilt of the charges as set forth in her answer, indicated her agreement with the commission's recommended sanction (public censure), and requested that the commission petition this Court to waive the scheduled public hearing in the matter and to impose the recommended sanction. In light of respondent's admissions, the commission agreed not to pursue the fifth pending charge against her (the alleged misconduct of June 22, 2005) and as noted joined with her in filing the instant petition for waiver of the scheduled public hearing and imposition of the sanction of public censure. Upon our review of the petition, the commission's recommendation, and the charges to which respondent has admitted (the charges are referenced in the petition), we conclude that the recommended sanction is warranted and should be adopted by this Court.

Accordingly, the petition for waiver of the public hearing in this case is granted, and respondent Marjorie R. Yashar is hereby publicly censured for the misconduct in which she has engaged.